UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ERIC S. PENROD,

    Plaintiff,

v.                                               Case No. 8:10-cv-2615-T-TBM

MICHAEL J. ASTRUE,
Commissioner of the United States
Social Security Administration,

    Defendant.
_____/

## O R D E R

The Plaintiff seeks judicial review of the denial of his claim for Social Security disability benefits and Supplemental Security Income payments. The Plaintiff urges that his case be reversed and remanded for further consideration because the ALJ failed to fully develop the record. For the reasons set out herein, the decision is affirmed.

A.

Plaintiff was forty-two years old at the time of his administrative hearing in August 2009. Plaintiff stands 6 feet 1 inch tall and weighed 128 pounds. Plaintiff has a high school education and some college. His past relevant work was as a welder/fabricator and mechanic. Plaintiff applied for disability benefits and Supplemental Security Income payments in August 2007, alleging disability as of August 11, 2007, by reason of injury to his leg and ankle, bilateral carpal tunnel, arthritis in his shoulders, and depression and anxiety. The Plaintiff's applications were denied originally and on reconsideration.

Case 8:10-cv-02615-TBM   Document 22   Filed 02/22/12   Page 2 of 13 PageID 64

A de novo hearing was conducted by an Administrative Law Judge (ALJ) on August 12, 2009.  Plaintiff, who was represented at the hearing, testified that he is unable to work since an automobile accident in August 2007 and another one in September 2007.  In the first, he exited a vehicle in a dispute with the driver and his right leg and ankle were run over.  In the second, he was hit by a car while in his wheelchair.  He again shattered the bones in his right foot.  During treatment, he developed MRSA.  By his account, he can barely walk on the right leg, maybe a half hour with breaks; he cannot turn the foot to the right and has difficulty walking on uneven pavement.  His right leg always feels like it is asleep.  He has used a wheelchair and a cane to get around.  Plaintiff estimated he could sit for thirty minutes at a time before the foot would bother him and he would have to get up and move about.  He keeps the foot elevated most of the time because it swells.  On damp, cold days, he is totally miserable and his bones ache all over.

Plaintiff has had bad arthritis in his shoulders for ten to fifteen years.  He had surgeries for carpal tunnel in the late 1990's.  His hands still go numb.  He also suffers depression.

At the time of the hearing, Plaintiff was homeless.  He has no money and no health coverage and no longer takes any medications for that reason.  His leg pain and depression make it hard to get up and to concentrate on things.  His mind wanders.  He does not deal with people well nor deal with pressure at all.  For a time in the late 1990's, he received disability benefits based on mitral valve prolapse, bad discs in his back, shoulder pain and carpal tunnel, but he went back to work to pay his bills.  (R. 723-43).

The ALJ next took testimony from Joyce Courtright, a vocational expert (VE). By her account, Plaintiff's past work was medium to heavy exertional work. The VE testified on a hypothetical question assuming a person of Plaintiff's age, education and work experience, capable of sedentary work with a sit/stand option, and limitations for only occasional posturals, no hazards or climbing, no temperature extremes, only unskilled, low-stress work, one or two step processes, routine and repetitive tasks primarily working with things rather than people, at the entry level. Upon this hypothetical, the VE identified manual assembly and production inspection jobs, and jobs such as lens inserting and lens gauging, as work available in the national and local economy. If such individual could not stay on task due to pain and concentration problems one-third to two-thirds of the day, no work was available. Similarly, if such person had to lay down for an hour in the morning and the afternoon, no work would be available. (R. 740-46).

The ALJ concluded the hearing by noting the record needed to be updated with consultative exams and that Plaintiff should be on the look out for letters from SSA at the Scotia Drive address regarding the scheduling of an orthopedic and a psychological consultative examination for him. (R. 746).

On September 28, 2009, the ALJ determined that while Plaintiff has severe impairments related to alcoholism, depression, PTSD, and fracture of right lower appendage, status-post fixation and infection, he nonetheless had the residual functional capacity to perform a limited range of sedentary exertional work. Upon this finding and the testimony of the VE, the ALJ concluded that Plaintiff could perform jobs available to him in the local and

national economy. Upon this conclusion, the Plaintiff was determined to be not disabled. (R. 15-27). The Appeals Council considered additional argument and submissions and denied Plaintiff's request for review.

B.

Consideration of the Plaintiff's claims is governed by certain principles. In order to be entitled to Social Security disability benefits and Supplemental Security Income payments, a claimant must be unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months. . . ." 42 U.S.C. § 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one that "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." *Id.* at § 423(d)(3).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See id.* at § 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The Commissioner must apply the correct law and demonstrate that he has done so. While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of*

*Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991)).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. *Grant v. Richardson*, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. *Celebrezze v. O'Brient*, 323 F.2d 989, 990 (5th Cir. 1963). Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to re-weigh the evidence, but is limited to determining whether the record, as a whole, contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. *Miles*, 84 F.3d at 1400; *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

In sum, the scope of review is limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988).

C.

It is well-settled that the ALJ has a basic duty to develop a full and fair record. *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). This obligation exists whether or not the claimant is represented by counsel. *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997); *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981). In light of this obligation, an ALJ must order a consultative examination when "such an evaluation is necessary for him

5

to make an informed decision." *Holladay v. Bowen*, 848 F.2d 1206, 1209 (11th Cir. 1988) (quoting *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984)); *see also Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999). Nonetheless, it is the claimant's burden of proving that he is disabled and he is responsible for producing evidence in support of his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003) (citing 20 C.F.R. § 416.912(a), (c)). Furthermore, case law in this circuit requires the Plaintiff to show some prejudice before a remand to the Commissioner for further development is ordered. *See Graham*, 129 F.3d at 1423. In considering whether a remand is required, the court should be guided by whether there are evidentiary gaps in the record that result in unfairness or clear prejudice. *Id.*

Plaintiff's sole complaint on this appeal is that the ALJ failed to fully develop the record and decided the case without obtaining the orthopedic and psychological consultative examinations he indicated during the hearing that he needed. Although the ALJ claimed that he had given Plaintiff every opportunity to make alternative arrangements for such examinations, the only record evidence of any communication regarding the examinations is a brief inter-office memorandum documenting a call from Plaintiff's mother who explained that she did not have contact information for Plaintiff and asking for guidance from the ALJ on how to proceed. *See* (R. 98). Plaintiff argues that the ALJ mischaracterized the communication from Plaintiff's mother in his decision and that there is nothing to document that counsel was notified or that Plaintiff actually missed an appointment as indicated by the ALJ. As pointed out in his request for review to the Appeals Council, Plaintiff was out of state at the time of the appointments and he never heard from his counsel who told him he would request to schedule the exams in November 2009 to allow him to return to Florida. As

6

for prejudice, Plaintiff claims the lack of communication by his counsel or the state agency deprived him of this needed medical evidence.  Given that the ALJ stated that he needed the additional information to make a decision, the case should be remanded to fully develop the record.  (Doc. 20 at 5-9).

In response, the Commissioner argues that Plaintiff has failed to offer a good reason for not appearing at the post-hearing examinations and failed to prove up any prejudice in the ALJ deciding the case without such evidence.  The Commissioner cites to the regulations which prescribe that if the claimant does not provide a "good reason" for not appearing at a consultative examination, the ALJ may find him not disabled.  *See* 20 C.F.R. §§ 404.1518(a), 416.918(a).  Here, Plaintiff had confirmed at the hearing that his mailing address was on Scotia Street in Zephyrhills, Florida, (R. 730) and he was advised that he would be sent notice at that address of the examinations.  (R. 746).  By his decision, the ALJ noted that he had given Plaintiff every opportunity to present his case but he never showed up for the post-hearing examinations.  The ALJ indicated that the mother had advised that Plaintiff was unavailable because he was in treatment, yet Plaintiff failed to notify SSA of that fact.  After the decision, Plaintiff advised that he had not been in Florida and that he had been led to believe by his attorney that the exams would be scheduled in November 2009 when he got back.  (R. 10).  The Commissioner urges that any lack of notice was Plaintiff's fault for his not having left contact information and he cannot fault the ALJ or his counsel.  Since Plaintiff has not established "good reason" for failing to attend, *see* 20 C.F.R. §§ 404.1518 (b) and 416.918(b), the ALJ appropriately reached his decision without this additional information.  In any event, Plaintiff offers no proof of prejudice in these circumstances.  The record contains

7

consultative reports regarding Plaintiff's mental condition and treatment notes and a consultative report concerning his physical condition all of which was addressed by the ALJ. In sum, the record was sufficient enough to allow for decision. (Doc. 21). For the reasons that follow, I agree.

The following excerpts from the administrative hearing are pertinent. During questioning of the Plaintiff, the ALJ was advised that his mailing address was on Scotia Drive in Zephyrhills, Florida, although he was not living there and was homeless at the time of the hearing. (R. 730). While further questioning the Plaintiff, the ALJ announced that "[s]o what we have here, [counsel], is because of lack of medical evidence, because of money, I really don't have a good feel without consultative exams to see what's going on with [Plaintiff's] hands, his leg, his foot and his mental status. So I'll order an orthopedic and a psychological and a consultative exam." (R. 739). Then at the conclusion of the hearing, the ALJ spoke with the Plaintiff and advised further:

> Okay. I'll send Mr. Penrod, he'll be getting letters on, so be sure to look on Scotia Drive, Mr. Penrod, for the letters from Social Security regarding an orthopedic CE and a psychological CE and you've been through this before in '08, but I need updates because this is, it'll be almost '10 and so we'll get those scheduled as soon as we can, expedite them, and [counsel] will explain everything to you. And I'll close the hearing.

(R. 746). Roughly six weeks later, the decision was entered by the ALJ without the benefit of the consultative exams. In the interim, it appears that an effort was made to schedule the consultative exams but Plaintiff could not be reached. The evidence of this comes from a file

8

copy of a note from a state agency employee seeking the advice of the ALJ after experiencing

"a problem" in scheduling the appointments. (R. 98). That note reads as follows:

> I have a problem with scheduling the CE's on Eric S. Penrod.
> According to his mother, [ ], claimant was living with her
> but because she lives in a retirement community, he had to
> move out or she was going to be evicted. The claimant is
> currently traveling from place to place and does not have a
> address or phone number to contact at this time. He is
> expected to return to Florida in early November. I would
> like to return the file to ODAR at this time. I will speak with
> [Plaintiff's mother] and ask her to contact either myself or
> ODAR to advise that the claimant has returned to Florida.
> At that time, DDD will need a new CE request and will
> expedite it. Please discuss this with [the ALJ] and let me
> know how to proceed with this case.

*Id*. If there was follow-up response to this note, it is not reflected in the record. However,

according to the ALJ:

> the ALJ gave this individual every opportunity to present his
> case for at least a closed period of disability by scheduling
> post-hearing scheduled consultative examinations, but he
> never showed up. In explanatory telephone calls, his parent
> explained on September 18, 2009 that he was in treatment. If
> so, he made no alternate arrangements by notifying this
> office, or presenting those alleged treatment reports. The
> [ALJ] must render his decision on the basis of the written
> record as it stands, with only the less conclusive evidence
> that fails to show incapacity for even the limited sedentary
> duties in hypothetical #1. . . .

(R. 24).

The regulations prescribe that, "[i]f you are applying for benefits and do not have a

good reason for failing or refusing to take part in a consultative examination or test we arrange

for you to get information we need to determine your disability or blindness, we may find that

you are not disabled or blind." 20 C.F.R. §§ 404.1518(a) and 416.918(a). Examples of a

"good reason" for failing to appear include illness at the time of the exam; lack of timely notice; being provided incorrect information; and death and serious illness in the family. 20 C.F.R. §§ 404.1518(b) and 416.918(b).

I am compelled to conclude that the decision of the ALJ was entered consistent with the Regulations and is otherwise supported by substantial evidence. Plaintiff's argument essentially is that he was not at fault for missing appointments at two consultative exams the ALJ ordered because he wasn't in town when the attempt was made to schedule them. In other circumstances, he might demonstrate error requiring a remand. Thus, had he not been expressly advised that the ALJ was going to expedite the exams and that he would be contacted at his mother's residence and that he should be on the look out for letters scheduling the appointments, perhaps his explanation would be enough. However, Plaintiff was expressly advised at the hearing to be on the look out at his mother's address for letters from SSA concerning the consultative exams and that such exams would be expedited. Thereafter, for unexplained reasons, he left Florida for parts unknown without leaving any contact information. Even if it is inaccurate to say that Plaintiff missed appointments at two consultative exams, he prevented such from occurring and clearly thwarted the ALJ's efforts to expedite the development of the record so that a decision could be made by leaving town without any contact information. In addition to specifically requiring a claimant to take part in consultative exams arranged by SSA, the regulations impose a duty of cooperation in providing medical evidence. And, if a claimant fails to cooperate in obtaining such evidence, the ALJ will decide the claim on the information available. 20 C.F.R. §§ 404.1516, 416.916.

Apart from failing to provide a good reason for his actions, his suggestion of prejudice is speculative. The medical record here was relatively lengthy and complete in respects to his leg injuries and his care after the accidents. The decision reflects the ALJ's thorough review and analysis of the evidence and his rationale for the conclusion that Plaintiff could still do a limited range of sedentary work. Plaintiff raises no challenge either to the ALJ's analysis of the medical evidence nor the RFC assessment for a limited range of sedentary work. A fair reading of the dialogue at the administrative hearing together with the decision suggests that the ALJ was considering the possibility of a closed period of disability and was looking for an update on Plaintiff's conditions. He did not suggest that the record was lacking such that he could not reach a decision and my review of the decision and the rather extensive medical record indicates support for his conclusions.

The circumstances here are thus somewhat different from those in *Washington v. Astrue*, 558 F. Supp. 2d 1287 (N.D. Ga. 2008), the case cited by Plaintiff. There, the ALJ continued the hearing because he was missing information that was material to and necessary for the decision. Thereafter, the ALJ decided the claim without having obtained that material information or reconvening the hearing. On appeal, the court found prejudice indicating, "[t]hat the ALJ recognized that he did not have material information yet made a disability decision without this information indicates that Plaintiff was prejudiced by the ALJ's decision." *Id.* at 1289-1300. The court cited *Brown v. Shalala*, 44 F.3d at 936 (11th Cir. 1995), for the proposition that the lack of medical documentation was prejudicial because it created an evidentiary gap in that there was no way of knowing whether the missing evidence would lend credence to plaintiff's allegations but assuming it would in the absence of contrary

11

evidence. *Washington*, 558 F. Supp. 2d at 1300.  As noted above, while the ALJ has a basic duty to develop a full and fair record, including ordering a consultative examination when such an evaluation is necessary for him to make an informed decision, the burden is on the claimant to prove he is disabled.  Here, Plaintiff failed to take advantage of an opportunity to enhance his medical evidence and he offers no good excuse for not doing so.  Nor does he demonstrate any missing records or evidentiary gaps which might preclude the ALJ's decision.  Absent the demonstration of prejudice, there is no cause to remand the case under the applicable standard.

As for the ALJ's comment about Plaintiff being in treatment, such appears inaccurate.  However, this does not suggest a different result.  Frankly, had Plaintiff been in treatment and claimed as much, good reason for his non-appearance or inability to schedule the appointments would have been established.  But, that is not his claim.  In fact, he offers no reason for his absence or his failure to leave any contact information.  In such circumstances, I cannot find fault with the decision by the ALJ that he was left to decide the case on the record as it then stood.  Other ALJs may have handled the matter differently, but in the absence of real prejudice, no remand is warranted.  Finally, I agree with Plaintiff that had Plaintiff's counsel made an express request related to scheduling which was ignored by the SSA, a different result should pertain but that is not shown to be the case either.  And, neither is that the fault of the ALJ.

D.

For the foregoing reasons, the decision of the Commissioner of the United States Social Security Administration is in accordance with the correct legal standards and is

otherwise supported by substantial evidence. The decision is affirmed. Accordingly, the Clerk is directed to enter Judgment in favor of the Defendant and to close the case.

**Done and Ordered** at Tampa, Florida, this 22nd day of February 2012.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of record